UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| FRANK DANIEL KRESOCK, Jr., | Case No. 0:16-bk-08631-BMW |
| Debtor. | **RULING AND ORDER REGARDING CHAPTER 7 TRUSTEE'S FINAL REPORT** |

This matter is before the Court pursuant to the *Amended Trustee's Final Report (TFR)* (the "Amended Final Report") (Dkt. 864) and *Notice of Amended Trustee's Final Report and Application for Compensation and Deadline to Object (NFR)* (the "Third Notice") (Dkt. 868) filed on behalf of Lawrence Warfield, the Chapter 7 Trustee (hereinafter the "Trustee"), on October 23, 2020 and October 26, 2020; the *Debtor's Objection to Chapter 7 Trustee's Report and Demand for Payments to Be Made to Debtor of Remaining Balance* (Dkt. 871) and *Debtor's Response to Request Award of His Homestead Exemption* (Dkt. 872) (collectively, the "Objections") filed by Frank Daniel Kresock, Jr., ("Dr. Kresock"), the debtor in these proceedings; and all filings related thereto.

The Court conducted a hearing on the Trustee's original final report on September 29, 2020 (the "September 29th Hearing"), at which time the Court issued a partial ruling, in which the Court overruled Dr. Kresock's objections to the Trustee's proposed payments to the Law Office of Mark J. Giunta ("Giunta") and the Trustee's inclusion of proceeds from the sale of certain property in Parker, Arizona, both of which had been approved by final orders of this Court. The partial ruling is hereby incorporated herein, as stated in the record.

The only issue remaining before the Court is whether Dr. Kresock is entitled to any of the net proceeds from the sale of his residence by virtue of his claimed homestead exemption.

At the conclusion of the September 29th Hearing the Court requested that the parties supplement the pleadings with respect to this issue. Thereafter, counsel for the Trustee filed a copy of a recorded IRS tax lien (the "IRS Tax Lien") (Dkt. 849 at Ex. A), counsel for the IRS filed a supplemental status report (Dkt. 851), and Dr. Kresock filed a response to the supplemental status report submitted by the IRS and a supplemental objection to the Trustee's original final report (Dkts. 853 & 862).

On October 20, 2020, the Court conducted another hearing on this matter in order to obtain clarification with respect to the original final report and the information submitted subsequent to the September 29th Hearing.

The Amended Final Report was filed on October 23, 2020, and the Third Notice was filed on October 26, 2020. The Third Notice attaches the *Summary of Amended Trustee's Final Report and Applications for Compensation* (the "Trustee's Summary of the Amended Final Report"), which further amends and details the Trustee's proposed distributions to creditors. Dr. Kresock filed his Objections on November 13, 2020.[1] No other objections or responses were timely filed.

Based upon the pleadings, arguments of counsel, and entire record before the Court, the Court now issues its ruling.

## I. **Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] Many of the grounds for objection raised by Dr. Kresock in the Objections are irrelevant to the discrete issue before the Court and have already been ruled upon by the Court. The allowance and amount of the IRS claim has been determined by final judgment of this Court (Dkts. 701 & 702); the Court overruled Dr. Kresock's objection to the Arizona Department of Revenue's third amended claim, and Dr. Kresock never objected to the further amendments made to the Arizona Department of Revenue's claim (Dkt. 509; *see* Proof of Claim 2-5); and, as noted above, the Court has already overruled Dr. Kresock's objections with respect to the proceeds from the sale of the three commercial properties in Parker, Arizona and the allowance of Giunta's claim. (9/29/2020 Hearing Tr. 15:23-16:21). There is no basis upon which for the Court to reconsider the rulings addressed in this footnote. Additionally, with respect to Dr. Kresock's request that the Court compel the Trustee to file tax returns for the bankruptcy estate, counsel for the Trustee previously represented to the Court that there had not been sufficient taxable income to warrant the filing of tax returns for the estate, and Dr. Kresock has not presented any concrete argument or evidence to the contrary. (*See* 12/5/2019 Hearing Tr. 50:10-15).

## II. Factual & Procedural Background

This case was commenced on July 27, 2016, when Dr. Kresock filed a voluntary petition for relief under the Bankruptcy Code.

In his schedules, Dr. Kresock claimed a homestead exemption in real property located at 10024 Riverside Drive in Parker, Arizona (the "Riverside Property") pursuant to Ariz. Rev. Stat. § 33-1101(A). (Dkts. 1 & 173). No party timely objected to Dr. Kresock's claimed exemption in the Riverside Property.

On or about May 10, 2017, the Trustee sold the Riverside Property. (Dkt. 250). Pursuant to the order approving the sale (the "Sale Order"), certain secured creditors were paid from the sale proceeds at closing, including the IRS, which was paid $39,890.92 in partial satisfaction of the IRS Tax Lien. (Dkt. 237 at ¶ 3B; *see also* Dkt. 250). The Sale Order provided that the unpaid balance of the IRS Tax Lien would attach to the net sale proceeds. (Dkt. 237 at ¶ 3B). The Court ordered that the remaining net sale proceeds in the amount of $197,415.57 be held by the Trustee pending further order of the Court. (Dkt. 237 at ¶ 3F; *see* Dkt. 250).

On September 6, 2017, the Court approved a settlement agreement that authorized the Trustee to pay Dr. Kresock's ex-wife $100,000 from the remaining net sale proceeds in full satisfaction of her claims against the estate. (Dkt. 377). After disbursement of this settlement payment, the Trustee holds net sale proceeds in the amount of $97,415.57 (the "Net Sale Proceeds").

On May 17, 2018, the IRS filed an amended proof of claim in the amount of $2,293,059.32. (POC 1-6). Of this amount, $21,844.52 was asserted as a secured claim and $650,850.47 was asserted as a priority claim pursuant to § 507(a)(8) of the Bankruptcy Code. (POC 1-6). On February 6, 2019, the Court issued a memorandum decision and judgment allowing the IRS's amended proof of claim as filed. (Dkts. 701 & 702).

Pursuant to the Amended Final Report and the Trustee's Summary of the Amended Final Report, the Trustee provides for a distribution to the IRS on its remaining allowed secured claim. Thereafter, the Trustee proposes to distribute the remaining Net Sale Proceeds pursuant to the

priority scheme set forth in the Bankruptcy Code.[2]

Dr. Kresock argues that he is entitled to the Net Sale Proceeds pursuant to his claimed homestead exemption, to which no objection was timely filed. The Trustee and IRS both take the position that Dr. Kresock is precluded from objecting to the Amended Final Report pursuant to a settlement agreement between Dr. Kresock and the Trustee, which was approved by the Court, under the terms of which Dr. Kresock agreed, among other things, not to make any further claims or demands against the Trustee or the estate and not to object to the proposed distribution of the estate (the "Settlement Agreement"). (Dkts. 776 & 795). The IRS also argues that exemption statutes cannot be used as a shield against nondischargeable pre-petition priority tax debt, like that owed to the IRS.

### III. Legal Analysis & Conclusions of Law

As referenced above, this Court entered an order approving the Settlement Agreement between the Debtor and the Trustee. The Settlement Agreement and order approving the Settlement Agreement specifically provide that "the debtor shall make no further claims or demands of any kind against the trustee [or] the bankruptcy estate . . . ." (Dkts. 776 at ¶ 4 & 795 at ¶ 4). The Settlement Agreement and order approving the Settlement Agreement further provide that the "debtor shall not object to the proposed distribution of the estate" and that the "debtor shall have no claims of any kind or nature to any of the funds held by the trustee on behalf of the estate." (Dkts. 776 at ¶¶ 5-6 & 795 at ¶¶ 5-6)

Although the language of the Settlement Agreement is extremely broad, it does not specifically mention or include reference to the remaining Net Sale Proceeds, or to any waiver by Dr. Kresock of the homestead exemption. *See In re Blair*, 79 B.R. 1, 2 (Bankr. D. Ariz. 1987) (recognizing that "a waiver must be an express, voluntary relinquishment of a known right or conduct which infers such intentional relinquishment"). The Court will therefore go beyond the terms of the Settlement Agreement, and will analyze entitlement to the Net Sale Proceeds pursuant to the statutory provisions of the Bankruptcy Code.[3]

---

[2] In this case there are sufficient funds to pay administrative claims, so the Net Sale Proceeds essentially flow through for distribution to unsecured priority claims.

[3] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States

Pursuant to Ariz. Rev. Stat. § 33-1101(A)(1), a person may claim a $150,000 exemption in the dwelling in which he resides. This exemption attaches automatically to a person's interest in identifiable cash proceeds from the sale of the homestead property. Ariz. Rev. Stat. § 33-1101(C).

Exemption statutes are liberally construed in favor of debtors, and exempt property is typically not liable during or after a bankruptcy case for any debt of the debtor that arose pre-petition. There are, however, certain exceptions to this general rule as set forth in § 522(c) of the Bankruptcy Code.[4]

### A. The IRS Secured Claim

Pursuant to § 522(c)(2)(B), "property exempted . . . is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 [of the Bankruptcy Code] as if such debt had arisen, before the commencement of the case, except – a debt secured by a lien that is – a tax lien, notice of which is properly filed[.]" In other words, "exempt property remains liable for a properly noticed tax lien." *In re Selander*, 592 B.R. 729, 733 (Bankr. W.D. Wash. 2018); *see also United States v. Heffron*, 158 F.2d 657, 659 (9th Cir. 1947) (recognizing that exemptions provided under state law are ineffective against federal tax liens).

Pursuant to a final judgment issued by this Court, the IRS has an allowed secured claim in the amount of $21,844.52 (the "Secured Claim").[5] (Dkts. 701 & 702). The Secured Claim represents the balance owing on the recorded IRS Tax Lien, encumbers "all property and rights to property belonging to [Dr. Kresock]," and attaches to the Net Sale Proceeds being held by the Trustee pursuant to the Sale Order. (*See* Dkts. 237 & 849).

Based upon the foregoing, it is the determination of the Court that the IRS is entitled to payment of the remainder owing on the IRS Tax Lien from the Net Sale Proceeds pursuant to

---

Code.

[4] To the extent that there is a conflict between the Bankruptcy Code and state exemption law, the provisions in the Bankruptcy Code preempt the conflicting state law.

[5] As noted above, Dr. Kresock has asked the Court to vacate the judgment allowing the IRS's amended proof of claim 1-5. However, there is no basis or authority for the Court to vacated such judgment. Further, the only evidence of any federal tax-related abatements that Dr. Kresock has submitted to this Court pertain to a non-debtor entity, the Cardiovascular Center PLLC. (*See* Dkt. 852).

§ 522(c)(2)(B) and the Sale Order.

After deduction of the balance owing on the IRS Tax Lien, $75,571.05 in Net Sale Proceeds remains. The IRS takes the position that the IRS is entitled to the remainder of the Net Sale Proceeds pursuant to § 522(c)(1).

**B.     The IRS Priority Claim**

Section 522(c)(1) sets forth another exception to the general rule that exempt property is not liable for pre-petition debt. Section 522(c)(1) provides in relevant part:

> [P]roperty exempted . . . is not liable during or after [a bankruptcy] case for any debt of the debtor that arose, or that is determined under section 502 of [the Bankruptcy Code] as if such debt had arisen, before the commencement of the case, except – a debt of a kind specified in paragraph (1) . . . of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in such paragraph)[.]

In other words, the remaining Net Sale Proceeds are liable for debt of a kind set forth in § 523(a)(1).

Debt "for a tax . . . of the kind and for the periods specified in section . . . 507(a)(8) of [the Bankruptcy Code], whether or not a claim for such tax was filed or allowed" is debt of a kind set forth in § 523(a)(1). 11 U.S.C. § 523(a)(1)(A). This Court has already determined by final judgment that the IRS holds an allowed § 507(a)(8) priority claim in the amount of $650,850.47. (Dkts. 701 & 702). Additionally, as set forth in the Amended Final Report and the Summary of the Trustee's Amended Final Report, the Arizona Department of Revenue ("AZDOR") holds allowed priority claims pursuant to § 507(a)(8) in the amount of $217,574.49 (collectively, with the priority claims held by the IRS, the "Priority Claims"). Accordingly, the Priority Claims are debt of a kind specified in § 523(a)(1), and therefore, the Net Sale Proceeds are liable for the Priority Claims pursuant to § 522(c)(1).

Given that the remaining Net Sale Proceeds are less than the Priority Claims, the IRS and AZDOR are entitled to the balance of the Net Sale Proceeds in partial satisfaction of the Priority Claims, and no funds remain for application to the homestead exemption.

## IV. Conclusion

Based upon the foregoing and in consideration of the totality of the circumstances, it is the determination of the Court that the allowed secured claim of the IRS, which represents the balance owing on a recorded federal tax lien, and the allowed § 507(a)(8) priority claims of the IRS and AZDOR, are claims entitled to payment prior to Dr. Kresock's homestead exemption, and that such claims consume the remaining Net Sale Proceeds.

Based upon the foregoing, upon consideration of the record in this case, and for good cause shown;

**IT IS HEREBY ORDERED** overruling Dr. Kresock's Objections in their entirety.

**IT IS HEREBY FURTHER ORDERED** approving the proposed distribution set forth in the Amended Trustee's Final Report as supplemented and amended by the Trustee's Summary of the Amended Final Report.

**DATED AND SIGNED ABOVE.**